# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition to Modify the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing, is on file)*

**Name of Offender:**   Kevin Muzinich           **Docket Number:**   0972 1:09CR00181

**Name of Judicial Officer**:   United States District Judge Lawrence J. O'Neill

**Date of Original Sentence:**   10/8/2009

**Original Offense:** 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm  (CLASS C FELONY)

**Original Sentence:** 77 months Bureau of Prisons; 36 months Supervised Release; $100 Special Assessment; $200 fine; and Mandatory Drug Testing

**Special Conditions:**

Warrantless Search
Drug/Alcohol Treatment
Drug/Alcohol Testing
Aftercare Co-payment
DNA Collection

**Type of Supervision:**   Supervised Release

**Date Supervision Commenced:**   12/24/2014

**Other Court Actions:**  None

---

### PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

1. As directed by the probation officer, the defendant shall participate in a program of outpatient mental health treatment.

2. The defendant shall reside and participate in a residential community corrections center, Turning Point, Bakersfield, California, for a period of up to 180 days; said placement shall commence as directed by the probation officer pursuant to 18 USC 3563(b) (11). All costs of confinement shall be waived.

**Justification:** On February 2, 2015, telephonic contact was received from the defendant's sister, Marla Sacco, advising the defendant was "ranting and raving" at home, to the point their 94-year-old mother's in home care provider did not want to return to the residence to care for their mother while the defendant was in the home. Supervising United States Probation Officer Lonnie Stockton met with the defendant at the probation office the same day at which time he stated he was frustrated with his sister for giving him limited funds from the family trust to pay monthly expenses. He admitted the argument with her got out of hand. He is frustrated with being "confined" to the home to help care for his mother whose health is failing. The defendant's cousin rented him a hotel room for the evening as a "cooling off" period.

The defendant responded to the probation office February 3, 2015, to speak with his officer. He said, "I wait on my mom hand and foot, which is fine because she took care of me my whole life, and I want to take care of my mom, but I should be paid a little to take care of my mom so I can go do stuff sometimes." Before his incarceration on the instant offense, the defendant received Social Security Disability and lived in a home which his mother owned for which she also paid the utilities. In exchange, the defendant cleaned out and maintained his mother's multiple rental properties. Since his release, the defendant's sister, who now manages the rental properties, has not employed him to work for the family business nor provided him with a home to live in. In addition, although he has applied for Social Security Disability, his claim has not yet been approved. Therefore, the defendant has no funds with which to secure a personal residence. The probation officer discussed with him residing in the residential community corrections center until he can secure a residence, to which the defendant consented and signed a Probation Form 49 consenting to the modification.

During the prerelease investigation, the probation officer viewed the home the defendant previously lived in. It was noted to be completely filled with boxes stacked to the ceiling and some rooms were inaccessible. The condition could only be described as "hoarding." The defendant admitted the argument with his sister got out of hand, and in discussing the matter today, he quickly became agitated and raised his voice. In addition, he reports feeling tired all the time, which he attributes to sleep apnea and narcolepsy. The probation officer discussed with him a possible undiagnosed mental health condition. The defendant has also consented to modify his conditions of supervision to add a condition for mental health treatment and has signed a Probation Form 49.

Respectfully submitted,
**/s/ Julie R. Martin**

**JULIE R. MARTIN**
**United States Probation Officer**
Telephone: (661) 321-3817

**DATED:** 2/3/2015

Reviewed by,
**/s/ Lonnie E. Stockton**

_____
**LONNIE E. STOCKTON**
**Supervising United States Probation Officer**

**THE COURT ORDERS:**

☒ Modification approved as recommended.

IT IS SO ORDERED.

Dated: **February 3, 2015**      **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE

CC:

United States Probation

Assistant United States Attorney: Marlon Cobar

Defense Counsel: Richard A. Beshwate, Jr.